UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80486-CIV-HURLEY/HOPKINS

JONATHAN E. PERLMAN, ESQ., etc.,

      Plaintiff(s),

vs.

REGENCY REALTY GROUP, INC.,

      Defendant(s).
_____/

ORDER *RESETTING* TRIAL DATE & DISCOVERY DEADLINES,
REFERRING CASE TO MEDIATION &
REFERRING DISCOVERY TO UNITED STATES MAGISTRATE JUDGE

**THIS CAUSE** is before the court sua sponte for the *rescheduling* of trial. It is thereupon,

**ORDERED** and **ADJUDGED**:

**Plaintiff's Obligation to Serve a Copy of this Order**

1. In the event this order is served prior to the time of the defendant's first appearance, plaintiff's counsel shall provide a copy of this order to each defendant within five days of defendant's first notice of appearance, whether by counsel or *pro se*. Thereafter, plaintiff's counsel shall immediately file a notice of compliance indicating the name of the person served and the date on which a copy of this order was served. This obligation is not applicable if all defendants have filed an appearance by the time this order is served.

**Trial Date & Location**

2. This case is set for trial on the **April-May 2013 Trial Calendar** (8-9 week docket) which commences on **Monday, April 1, 2013.** Counsel for all parties shall appear at a calendar call

commencing at **8:30** a.m. on **Thursday, March 21, 2013,** in courtroom 5 at the U.S. Courthouse, 701 Clematis Street, West Palm Beach, Florida.

### No Joint Scheduling Report

3.  This order supersedes the requirements listed in Rule 16.1(B) of the Local Rules of the Southern District of Florida. The parties in this case are not required to file any joint scheduling reports or proposed scheduling orders with the court as prescribed by that rule.

### Discovery Referred to Magistrate Judge

4.  In accordance with the Magistrate Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72 of the Federal Rules of Civil Procedure, all pretrial discovery motions filed in this case and all motions that relate directly to these motions, (e.g., extension of time, reconsideration, sanctions, and mental or physical examinations, etc.) are **REFERRED** to the Honorable James M. Hopkins, United States Magistrate Judge, for final disposition.

In light of this referral, copies of discovery motions and responsive pleadings shall be sent only to Judge Hopkins and not to the undersigned. Counsel are reminded of Local Rule 5.1(A)(5)(b) which requires that the Magistrate Judge's name appear on all pleadings (e.g. 03-99999-CIV-HURLEY/HOPKINS).

5.  This referral shall expire on the date of commencement of trial.

### Pretrial Discovery Schedule

6.  Pretrial discovery shall be conducted in accordance with Local Rule 16.1 and Rule 26(a) of the Federal Rules of Civil Procedure. Unless amended by subsequent order, the following deadlines shall apply.

<u>Rule 14 and Rule 19 Motions</u>                                    180 days before calendar call

  Rule 26(a)(2) Expert Testimony Disclosures  90 days before calendar call
    [**This includes the Rule 26(a)(2)(B) requirement for the disclosure of written expert reports which conform to the prescriptions of this Rule.  This requirement will be strictly enforced.]

  Summary Judgment Motions  90 days before calendar call
    [**This deadline will be strictly enforced. Motions for extension of time to file the motion or response will not be granted absent exceptional cause.]

  Mediation Conference  60 days before calendar call

  Rule 26(a)(3) Witness and Exhibit List Exchange  30 days before calendar call

  Discovery Cutoff  10 days before calendar call

  Motions in Limine  5 days before calendar call

  Pretrial Stipulation  5 days before calendar call
    (note Local Rule 16.1.E)

  Exhibit Inspection  5 days before calendar call
    [**All exhibits listed on each party's Rule 26(a)(3) disclosures must be made available for inspection and/or copying by the opposing party(s) by this date.]

  Voir Dire Questions  First day of jury trial

  Jury Instructions  First day of jury trial

  Proposed Findings of Fact & Conclusions of Law  First day of non-jury trial

Failure to comply with these deadlines may result in exclusion of testimony or exhibits.  See Fed R. Civ. P. 37(c)(1); Klonoski v. Mahlab, 156 F.3d 255 (1st Cir. 1998).

## Requirements for Trial

  7. On the first day of trial, each party shall hand to the court reporter **two complete copies of its exhibit list**.  The list, set out on Form AO 187, shall indicate the pre-marked number, a brief description of the exhibit and shall contain a space or a line for the court's ruling on the

admissibility of each exhibit.

8. On the first day of trial, each party shall hand to the court reporter **two complete copies of its witness list**. The witness list shall include the names of all persons intended to present expert testimony, and shall clearly mark their intended designation as "expert" witnesses.

## Mediation

9. Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.2, this case is referred to mediation as follows:

(a) To the extent they do not conflict with the provisions of this order, all terms and provisions of the form mediation order set forth at Local Rule 16.2(H) are hereby incorporated by reference and shall be binding upon the parties in this case;

(b) The parties shall, within one-hundred-twenty (120) days from the date of entry of this order, agree upon a mediator. If they are unable to agree, plaintiff's counsel shall promptly notify the Clerk's office of their disagreement, and the Clerk will designate a mediator from the list of certified mediators on a blind rotation basis;

(c) Plaintiff's counsel shall be responsible for coordinating the mediation conference date and location agreeable to the mediator and all counsel of record.

## Motion Practice

10. Every motion filed in this case shall be accompanied by **one proposed order** (*in PDF format*) granting the motion. The order shall contain an **up-to-date service list** (names and addresses) of all attorneys in the case. All motions shall be efiled or filed with the Clerk's office. The court will not accept any motions mailed directly to chambers.

## Telephonic Conferencing

11. When practical, counsel are urged to utilize telephonic conferencing for pretrial

appearances, including calendar call. It is imperative, however, that telephonic conferencing be done only with *operator assisted* conferencing. For technical reasons related to the court's conferencing equipment, your office equipment is not an acceptable means of telephonic conferencing. Counsel wishing to appear in this manner for any proceeding must notify the Court at 561-803-3450 at least 24 hours prior to the proceeding. **Counsel wishing to appear for the calendar call by telephone must make arrangements with chambers by noon of the Tuesday preceding the date of the calendar call.**

  **DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this 30th day of July, 2012.

                Daniel T. K. Hurley
                United States District Judge

*Copy provided counsel*