UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-CV-80486-HURLEY/HOPKINS

JONATHAN E. PERLMAN, ESQ.,
as Court-Appointed Receiver of Creative
Capital Consortium, LLC, et al.,

        Plaintiff,

vs.

REGENCY REALTY GROUP, INC.,

        Defendant.
_____/

## STANDING DISCOVERY ORDER FOR
## MAGISTRATE JUDGE JAMES M. HOPKINS

The following procedures are designed to help the Parties and the Court work together to timely resolve discovery disputes without undue delay and unnecessary expense.

## MEET AND CONFER

Counsel **must** actually confer (in person or via telephone) and engage in a genuine effort to resolve their discovery disputes **before** filing discovery motions. In other words, there must be **an actual conversation** before a discovery motion is filed. During this conversation, **counsel shall discuss the available options for resolving the dispute without court intervention** and make a concerted, good faith effort to arrive at a mutually acceptable resolution. If counsel refuses to participate in a conversation, then the movant shall so state in the required certificate of conference and outline the efforts made to have a conversation.

The Court may impose sanctions, monetary or otherwise, if it determines discovery is

being improperly sought, is being withheld in bad faith or if a party fails to confer in good faith. Sending an email or telefax to opposing counsel with a demand that a discovery response or position be provided on the same day will rarely, if ever, be deemed a good faith effort to confer before filing a discovery motion.

## DISCOVERY MOTIONS

If parties are unable to resolve their discovery disputes without Court intervention, U.S. Magistrate Judge James M. Hopkins will hold a regular discovery motion calendar every Thursday, beginning at 1:00 p.m. at the Paul G. Rogers Federal Building and Courthouse, 701 Clematis Street, Courtroom 6, West Palm Beach, FL 33401.

If a discovery dispute arises, the movant shall file a motion, **no longer than 5 pages** (not counting signature block and certificate of service) by the **close of business on the Monday immediately preceding that Thursday's discovery motion calendar call.** The purpose of the motion is merely to frame the discovery issues and succinctly explain the dispute. The moving party <u>must</u> attach as exhibits any materials relevant to the discovery dispute (i.e., discovery demands/responses). The motion shall include citations to cases and other authority the movant wishes the Court to consider.

**By the close of business on Wednesday, the day before the discovery motion calendar call,** the opposing party must file a response to the motion, **no longer than 3 pages** (not counting signature block and certificate of service), containing any cases or other authority it wishes the Court to consider, and attaching any necessary exhibits, not already attached to the movant's papers.

2

Upon receipt of the pleading(s), the Court will enter an endorsed order setting the matter down for a hearing on Thursday of that week, and advising the parties of the specific time they must appear. Motions will begin to be heard at 1:00 p.m. and will continue thereafter as necessary. If either party wishes to appear by telephone, they must so advise the Court in their pleading. Parties wishing to appear by telephone will be contacted at the phone number listed on the docket sheet, unless an alternate number is provided in advance of the hearing.

### PRE-HEARING DISCUSSIONS

The mere fact that the Court has scheduled a discovery hearing/conference does not mean that the parties should no longer try to resolve the dispute. To the contrary, the parties are encouraged to continually pursue settlement of disputed discovery matters. If those efforts are successful, then counsel should contact Judge Hopkins' chambers as soon as practicable so that the hearing can be timely canceled. Alternatively, if the parties resolve some, but not all, of their issues before the hearing, then counsel shall also timely contact chambers and provide notice about those issues which are no longer in dispute (so that the Court and its staff do not unnecessarily work on matters which became moot).

### EXPENSES, INCLUDING ATTORNEY'S FEES

The Court reminds the parties and counsel that Fed. R. Civ. Pro. 37 (a) (5) requires the Court to award expenses, including fees, unless an exception (such as the existence of a substantially justified, albeit losing, discovery position) applies to the discovery dispute and ruling.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, this 1st day of August, 2012.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record